DANIEL G. BOGDEN
United States Attorney
CARLA B. HIGGINBOTHAM (NSBN 8495)
Assistant United States Attorney
100 W. Liberty Street, Ste. 600
Reno, NV 89501
Telephone: (775) 784-5438
Facsimile: (775) 784-5181

Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS PONH SUON,<br><br>Defendant. | Case No. 3:14-cr-00066-MMD-WGC<br><br>**PLEA AGREEMENT UNDER**<br>**FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and CARLA B. HIGGINBOTHAM, Assistant United States Attorney, and, the defendant NICHOLAS PONH SUON, and the defendant's attorney, MICHAEL BECKER, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

I. **SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and NICHOLAS PONH SUON (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

///

II. **DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS**

  A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to Count 1 of the indictment returned by the grand jury on September 17, 2014:

  Count 1: Enticement of a Minor to Engage in Illegal Sexual Activity violation of 18 U.S.C. § 2422(b).

  The defendant also agrees to the forfeiture of the property set forth in the Forfeiture Allegations of the indictment.

  B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

  1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

  2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

  3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

  4. The right to testify in his own defense at such a trial if he so chooses;

  5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

  6. The right to have the assistance of an attorney at all stages of such proceedings.

  C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered it in court.

  D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States. In

addition, the United States will move to dismiss any remaining charges at the time of sentencing.

III. **ELEMENTS OF THE OFFENSES**

    A.    The elements of Transportation of a Minor for Illegal Sexual Activity under 18 U.S.C. § 2422(b) are:

        1.    The defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity;

        2.    The defendant believed that such individual was less than eighteen (18) years of age; and,

        3.    The defendant could have been charged with a criminal offense for engaging in the specified sexual activity.

IV. **FACTS SUPPORTING GUILTY PLEA**

    A.    The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

    B.    The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right to forfeit the specified property. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

    C.    The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

    D.    The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

        1.    Starting at least as early as November, 2013 and continuing until August, 2014, the defendant engaged in a series of internet chat conversations with a 15-year-old girl, R.R., who resided in Reno, Nevada. At the time of the chats, the defendant lived in Norwalk, California. In the chat conversations, the defendant engaged in various sexually explicit conversations with R.R. which were intended to persuade, induce, entice, or coerce R.R. to

engage in sexually explicit conduct with the defendant. The defendant knew that R.R. was 15 years old. These conversations were engaged in using different smart phone apps including "Tango" and "Skout," which are utilized via the Internet, a facility of interstate commerce.

2. On August 29, 2014, the defendant traveled to Reno, Nevada from the State of California in order to meet R.R. and with the intent to engage in sexually explicit conduct. After arriving in the State and District of Nevada, the defendant went to R.R.'s home and attempted to engage in sexual intercourse with R.R. The defendant was located at R.R.'s home and taken into custody. Sexual intercourse between a 15-year-old child and an adult is illegal in the State of Nevada pursuant to Nevada Revised Statute 200.366.

3. The defendant admits that the following property either: (a) constitutes or is derived from proceeds he obtained directly or indirectly from his criminal violations; or, (b) was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, his criminal violations:

- 2007 Grey Honda Civic Coupe, California License No. 6ZQW105; and,
- One iPhone 5 (Serial No. DQGL560EFH19).

These items will be referred herein as "the property."

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are

4

advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

     B.    <u>Offense Level Calculations</u>.  The parties stipulate and agree to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

     1.    Count 1: Transportation of a Minor for Illegal Sexual Activity
18 U.S.C. § 2422(b):
Base Offense Level, USSG § 2G1.3(a)(3):    28

**Enhancements**:

Use of a Computer to facilitate the travel
USSG § 2G1.3(b)(3)(A):    +2

Offense Involved Commission of a Sex Act
USSG § 2G1.3(b)(4)(A):    +2

**Total Offense Level**    32

**Reductions**:

Contingent Reduction for
Acceptance of Responsibility
USSG §3E1.1(a):    - 2

Contingent Reduction for
Government Motion for Acceptance of Responsibility
USSG §3E1.1(b):    - 1

**Adjusted Offense Level:**    29

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

     C.    <u>Reduction of Offense Level for Acceptance of Responsibility</u>.  Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails

to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or, (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of either 30 (if two-level adjustment applies) or 29 (if two-level adjustment and additional one-level adjustment both apply).

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other

additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

VIII. **APPLICATION OF SENTENCING STATUTES**

  A. <u>Maximum Penalty</u>. The maximum penalty for Transportation of a Minor for Illegal Sexual Activity pursuant to 18 U.S.C. § 2422(b) is a life prison sentence, a fine of $250,000, or both. *See* 18 U.S.C. § 2422(b); 18 U.S.C. § 3571(b)(3).

  B. <u>Mandatory Minimum Sentencing Provision</u>. Based on the facts of this case, the statutory mandatory minimum sentence for Transportation of a Minor for Illegal Sexual Activity under 18 U.S.C. § 2422(b) is a 10-year prison sentence.

  C. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

  D. <u>Parole Abolished</u>. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

  E. <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be subject to a minimum term of supervised release is 5 years up to a maximum term of life. 18 U.S.C. § 3583(k). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of life imprisonment.

  F. <u>Special Assessment</u>. The defendant will pay a $100.00 special assessment per count at the time of sentencing.

IX. **POSITIONS REGARDING SENTENCE**

The United States and the defendant will jointly recommend that the Court sentence the defendant to the low-end of the sentencing guideline range as determined by the Court, unless

the low-end of the sentencing guideline range is below the statutory mandatory minimum sentence. If the low-end of the sentencing guideline range is below the statutory mandatory minimum sentence, the United States and the defendant will jointly recommend that the Court sentence the defendant to the statutory mandatory minimum sentence of ten (10) years imprisonment. These recommendations will be made by the United States unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility.

The defendant acknowledges that the Court does not have to follow the recommendation of the parties. This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend a mandatory minimum sentence, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant will not request a sentence below the Sentencing Guideline range as calculated in this Plea Agreement, and will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose. The defendant, however, will be free to argue for any term of supervised release between five (5) years and lifetime, as mandated by statute.

X. **RESTITUTION**

The defendant is aware that 18 U.S.C. § 3663 and USSG § 5E1.1 may require the defendant to pay restitution. Therefore, the defendant agrees to make full restitution in an amount to be determined by the Court for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant conduct. 18 U.S.C. § 3663(a)(3). The defendant cannot discharge his restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

The Government agrees to concur with the recommendation of the U.S. Probation Department as to any fine or restitution being ordered as part of the sentence.

XI. **FORFEITURE**

The defendant knowingly and voluntarily:

A. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property listed in Section IV(D)(3) above;

B. Abandons or forfeits the property to the United States;

C. Relinquishes all right, title, and interest in the property;

D. Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property ("proceedings");

E. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

F. Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

G. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

H. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any proceedings concerning the property;

I. Waives his right to a jury trial on the forfeiture of the property;

J. Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to (1) constitutional or statutory double jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

K. Agrees to the entry of an Order of Forfeiture of the property to the United States;

L. Agrees that forfeiture is immediately due and payable and subject to immediate collection by the United States;

M. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as

satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture; and

    N.    The defendant acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than, the amount of restitution.

## XII. SEX OFFENDER REQUIREMENTS (SORNA)

The defendant understands and agrees that under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et. seq., he must register as a sex offender and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is an employee; and (3) where the defendant is a student. The defendant understands that he must comply with all the registration requirements contained in SORNA. 42 U.S.C. § 16901 et. seq. The defendant further understands that the requirements for registration include, but are not limited to, providing defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student.

The defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which the defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

## XIII. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

///

## XIV. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

1. He has read this Plea Agreement and understands its terms and conditions;

2. He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

3. He has discussed the terms of this Plea Agreement with his attorney;

4. The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and,

5. He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and, (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C.   <u>Removal/Deportation Consequences</u>.   The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XIV.   ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises,

///

///

///

///

///

///

///

1 | agreements or conditions shall have any force or effect unless set forth in writing and signed by
2 | all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN
UNITED STATES ATTORNEY

DATE: 1/30/2015

CARLA B. HIGGINBOTHAM
ASST. UNITED STATES ATTORNEY

DATE: 1/30/15

MICHAEL BECKER
ATTORNEY FOR DEFENDANT

DATE: 1/28/15

NICHOLAS PONH SUON
DEFENDANT